

**Adam Ziffer**
212-584-1832 D
aziffer@cohenziffer.com

1325 Avenue of the Americas
New York, NY 10019

212-584-1890 P
212-584-1891 F

March 21, 2024

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla, U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



**RE:** *Teachers Insurance and Annuity Association of America et al. v. U.S. Specialty Ins. Co.*, **Case No.: 1:23-cv-4769-KPF**

Dear Judge Failla:

     This firm represents Plaintiffs Teachers Insurance and Annuity Association of America ("TIAA"), and Nuveen Fund Advisors LLC ("Nuveen") (collectively "Plaintiffs") in the above-referenced matter. Plaintiffs and Defendant U.S. Specialty Insurance Company ("Defendant" or "U.S. Specialty") jointly submit the following letter pursuant to the Court's Civil Case Management Plan and Scheduling Order (the "Order"), in advance of the upcoming pretrial conference scheduled for March 28, 2024.

     This is an action for breach of insurance contract arising from U.S. Specialty's denial of coverage under a Professional Liability Insurance Policy (the "Policy") for alleged losses incurred by Plaintiffs to correct the Net Asset Value ("NAV") of mutual funds sold by Nuveen arising from an error in pricing of those funds. Nuveen suffered approximately $10.5 million in alleged losses resulting from the correction of bond pricing and fund share values of bonds issued by Zilkha Biomass Selma ("Zilkha") (the "Zilkha bonds"). The parties dispute the scope of the notice provided by Plaintiffs for the insurance claim; whether the insurance claim arises from a "Correction Event," as defined by the Policy; and whether Plaintiffs' alleged losses constitute "Correction Costs," as defined by the Policy.

     **(i) Upcoming Deadlines**

     The parties have completed fact discovery and the following are the upcoming deadlines, as referenced in the Civil Case Management Plan and Scheduling Order, dated August 21, 2023 (attached hereto):

- The parties will meet for at least one hour to discuss settlement by March 29, 2024.

- The deadline for the completion of all expert discovery is April 29, 2024. As discussed below, the Parties disagree regarding whether an extension of this deadline is necessary.
- The parties must participate in mediation by May 14, 2024.
- Pre-motion submissions for summary judgment motions and any *Daubert* motions must be filed by May 29, 2024.
- Additionally, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties must submit a Joint Pretrial Order to the Court for its approval, as well as joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions. Because Plaintiffs/the parties intend to seek leave to file motions for summary judgment, the parties will submit a Joint Pretrial Order within 30 days of a decision on such motion(s).

**(ii) Outstanding Motions** – There are no outstanding motions.

**(iii) Discovery Status**

As of March 18, 2024, the parties completed fact discovery including document productions, depositions, and written discovery. Plaintiffs produced over 40,000 pages of documents (most of which were designated as "Confidential" under the Stipulated Confidentiality Agreement and Protective Order). U.S. Specialty produced over 7,000 pages of documents.[1] In January 2024, U.S. Specialty served subpoenas for documents on third parties Intercontinental Exchange, Inc. ("ICE") and State Street Bank and Trust Company ("State Street"). State Street has not yet produced any documents in response to the subpoena but has stated that it is collecting responsive documents. On March 18, 2024, Plaintiffs and U.S. Specialty responded to each side's requests for admission and contention interrogatories.

The parties completed depositions of fact witnesses on March 12, 2024. Plaintiffs conducted three depositions of U.S. Specialty witnesses, including Rule 30(b)(6) representatives. U.S. Specialty conducted a total of eight depositions of Plaintiffs' current and former employees. Plaintiffs' initial disclosures identified more than ten specific individuals with discoverable information, but Plaintiffs opposed U.S. Specialty's request to exceed the ten depositions permitted by Fed. R. Civ. P. 30. U.S. Specialty will seek leave of Court to depose any of Plaintiffs' trial witnesses who were not previously deposed. Plaintiffs reserve all rights to oppose such a request.

U.S. Specialty intends to designate a testifying expert on issues on which U.S. Specialty contends Plaintiffs have the burden of proof. U.S. Specialty has not identified the specific topics on which it intends to designate an expert (but has informed Plaintiffs that its expert's anticipated opinions relate to the Policy's "Correction Costs" definition). Plaintiffs do not intend to designate a testifying expert in the first instance, as they believe they can meet any burden they must satisfy with fact witnesses. However, Plaintiffs have reserved their rights to designate an expert for rebuttal purposes.

The parties have not yet been able to agree on a schedule for expert disclosures. U.S.

---

[1] Plaintiffs claim that U.S. Specialty redacted or withheld many documents due to privilege that related to its claims investigation. U.S. Specialty claims that it produced additional materials to avoid unnecessary motion practice before the depositions of its witnesses. Both parties reserve all rights.

Specialty's position is that it cannot commit to serving its expert report before March 29, 2024, because of significant events occurring at the end of the March 15, 2024 fact-discovery period and thereafter. U.S. Specialty proposes that Plaintiffs have until April 19, 2024, to serve any expert report and that depositions would be completed by May 17, 2024. U.S. Specialty believes that at least three weeks would be necessary to review Plaintiffs' expert's report, depose Plaintiffs' expert, and present U.S. Specialty's expert for a deposition. Plaintiffs' position is that the current deadline provided ample time to complete expert discovery, and in particular that the parties do not need three additional weeks just for expert depositions, and thus no extension is warranted. However, as a compromise, Plaintiffs have offered a short extension of the current deadline to May 6, 2024.

### (iv) Settlement Discussions

The parties engaged in preliminary settlement discussions as part of U.S. Specialty's claim investigation efforts, but did not reach a resolution. In accordance with the Order, the parties will meet and confer regarding settlement for at least one hour on March 26, 2024. The parties have further agreed to engage in private mediation and are discussing potential mediators for the required mediation by the May 14, 2024 date. The parties will inform the Court at the upcoming scheduling conference if their preferred mediator(s) are unavailable by that deadline.

### (v) Anticipated Length of Trial

Counsel for the parties have conferred and the present best estimate of the length of trial is at least five days. The case is to be tried by a jury.

### (vi) Motions for Summary Judgment

Both parties anticipate filing a motion for summary judgment. Plaintiffs' position is that the undisputed facts will demonstrate as a matter of law that Plaintiffs' loss is covered under its insurance policy issued by U.S. Specialty. The basis for Plaintiffs' motion is that the failure of Plaintiffs' employees to timely share information material to the pricing of the bonds at issue constitutes a "Wrongful Act" sufficient to trigger coverage under the Costs of Correction Endorsement in U.S. Specialty's Policy. Moreover, absent correction, Plaintiffs' statutory duties and internal policies regarding valuation would have subjected them to a covered claim alleging such Wrongful Act.

U.S. Specialty's position is that Plaintiffs cannot, at this late stage, broaden the scope of the subject insurance claim beyond the narrow alleged "Wrongful Act"/"Correction Event" discussed in the Proof of Loss and the Amended Complaint. As to the actual insurance claim, the undisputed facts will demonstrate that Plaintiffs cannot meet their burdens of proving both a "Wrongful Act"/"Correction Event" and "Correction Costs."

### (vii)   Other Information

The parties would also like to discuss a schedule for summary judgment motions at the conference, including whether pre-motion submissions are still necessary and/or what the Court would like to see in the parties' pre-motion submissions. U.S. Specialty would also like to discuss the extent to which Plaintiffs' confidentiality designations will require evidence to be sealed from the public. The parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam S. Ziffer* | */s/ Alan J. Joaquin* |
| **COHEN ZIFFER FRENCHMAN & MCKENNA, LLP** | **WERNER AHARI MANGEL LLP** |
| | Alan J. Joaquin |
| | Justin S. Levy |
| Adam S. Ziffer | 2112 Pennsylvania Ave. NW |
| Michelle R. Migdon | Suite 200 |
| Meredith A. Elkins | Washington, DC 20037 |
| 1325 Avenue of the Americas | (202) 599-1074 |
| New York, NY 10019 | ajoaquin@wam.law |
| Telephone: (212) 584-1890 | jlevy@wam.law |
| Fax: (212) 584-1891 | |
| aziffer@cohenziffer.com | **LINDEMANN MILLER BOWEN LLP** |
| mmigdon@cohenziffer.com | Scott W. Schwartz |
| melkins@cohenziffer.com | 43 West 43rd Street, Suite 322 |
| | New York, NY, 10036 |
| *Attorneys for Plaintiffs* | (312) 300-4500 |
| | scott@lm-law.com |
| | |
| | *Attorneys for Defendant* |

```
The Court is in receipt of the parties' joint letter submission
(see Dkt. #31), and looks forward to discussing the contents
therein during the conference scheduled next week.  That said, the
parties shall note that the Court will defer setting any motion
practice schedule or joint pre-trial submissions until necessary
and that an endorsement of this letter does not reflect an
endorsement of those schedules.

The Clerk of Court is directed to terminate the pending motion at
docket number 31.

Dated:     March 22, 2024          SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE