**COURTESY COPY**

**Adam Ziffer**
212-584-1832
aziffer@cohenziffer.com

1325 Avenue of the Americas
New York, NY 10019

212-584-1890 P
212-584-1891 F

October 2, 2024

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla, U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



RE:   *Teachers Insurance and Annuity Association of America et al. v. U.S. Specialty Ins. Co.*, Case No.: 1:23-cv-4769-KPF

Dear Judge Failla:

    This firm represents Plaintiffs Teachers Insurance and Annuity Association of America ("TIAA") and Nuveen Fund Advisors, LLC ("Nuveen") (collectively "Plaintiffs") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Practices in Civil Cases, Plaintiffs and Defendant U.S. Specialty Insurance Company ("U.S. Specialty") jointly submit the following letter motion requesting permission to file certain documents related to the parties' cross-motions for summary judgment under seal.

    Pursuant to the Court's June 24, 2024 and September 24, 2024 Orders (Dkt. Nos. 36, 39), Plaintiffs will submit a Joint Statement of Material Facts and Joint Appendix this Friday, on **October 4, 2024**, together with Plaintiffs' motion for summary judgment and memorandum of law in support thereof. The parties' Joint Appendix contains numerous documents that Plaintiffs have designated as confidential under this Court's Protective Order (Dkt. No. 22), and those documents will be referenced and quoted in the parties' Joint Statement of Material Facts and respective briefs (the "Confidential Materials"). The Confidential Materials contain non-public, confidential and sensitive business and financial information relating to the pricing and valuation of securities held in Nuveen mutual funds, including confidential customer data, Nuveen's internal policies and practices and intra-corporate agreements in connection therewith, internal memoranda and other internal documents and communications regarding the mispricing of one particular security and confidential financial information relating to the third-party company issuing the referenced security.

    Sealing of the Confidential Materials and redacting references to the same in the parties' filings is proper because Plaintiffs' legitimate business interest in protecting against the disclosure

cohenziffer.com

Cohen Ziffer Frenchman & McKenna LLP

of the Confidential Materials outweighs the public's interest in disclosure of the Confidential Materials. *See, e.g., Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, No. 20CV04669GBDVF, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information."); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information").

Pursuant to Rule 9 of the Court's Individual Practices in Civil Cases, the parties request permission to file the Joint Appendix (and those corresponding exhibits in the Joint Appendix that they have deemed confidential), the Joint Statement of Material Facts, and the parties' respective memoranda of law under seal at the time they are due. In accordance with Rule 9(B), the parties recognize that they must also file the Joint Statement of Material Facts and their memoranda of law with proposed redactions and electronically file under seal copies of the unredacted documents with redactions highlighted.

Due to the breadth of Plaintiffs' confidential materials at issue in this litigation, and the need for Plaintiffs to coordinate with Defendant U.S. Specialty to redact confidential information cited in Defendant's brief (which cannot be done before they file it), the parties request permission to file the redacted public versions and sealed highlighted versions of their Joint Statement of Material Facts and memoranda of law on **November 15, 2024**, one week after the date on which all such filings relating to the parties' briefing will be complete. This will allow the parties to meaningfully confer regarding the extent of redactions required and ensure that the redactions are narrowly tailored to allow as much information to be publicly filed as possible, while also protecting Plaintiffs' confidential business interests.

The parties similarly request permission to file any exhibits and memorandum of law in connection with any potential Daubert motions (due next Monday **October 7, 2024**) under seal, and then to file redacted public versions and under seal highlighted versions of the same on **November 15, 2024** as well, after all filings are complete.

Defendant U.S. Specialty takes no position regarding the extent to which the discovery materials that Plaintiffs consider to be confidential (and the filings referencing the same) should remain under seal after November 15, 2024. U.S. Specialty has deferred to Plaintiffs regarding which exhibits in the Joint Appendix should be filed provisionally under seal. U.S. Specialty joins this motion because it agrees that it would be impractical and inefficient for the parties to meaningfully confer regarding potential redactions until after the briefing has concluded.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam S. Ziffer* | */s/ Alan J. Joaquin* |
| **COHEN ZIFFER FRENCHMAN & MCKENNA, LLP** | **WERNER AHARI MANGEL LLP** |
| | Alan J. Joaquin |
| Adam S. Ziffer | Justin S. Levy |
| Michelle R. Migdon | 2112 Pennsylvania Ave. NW |
| Meredith A. Elkins | Suite 200 |
| Robert K. Maxwell | Washington, DC 20037 |
| 1325 Avenue of the Americas | (202) 599-1074 |
| New York, NY 10019 | ajoaquin@wam.law |
| Telephone: (212) 584-1890 | jlevy@wam.law |
| Fax: (212) 584-1891 | |
| aziffer@cohenziffer.com | **LINDEMANN MILLER BOWEN LLP** |
| mmigdon@cohenziffer.com | Scott W. Schwartz |
| melkins@cohenziffer.com | 43 West 43rd Street, Suite 322 |
| rmaxwell@cohenziffer.com | New York, NY, 10036 |
| | (312) 300-4500 |
| *Attorneys for Plaintiffs* | scott@lm-law.com |
| | |
| | *Attorneys for Defendant* |

Application GRANTED.  In light of the parties' representations, the parties shall file these documents under seal at the time they are due.  The parties shall file the redacted public versions and sealed highlighted versions of these documents on or before **November 15, 2024,** one week after the briefing will be complete.

Furthermore, the parties shall file any exhibits and memoranda of law in connection with any potential *Daubert* motions under seal on or before **October 7, 2024,** and then file redacted public versions and sealed highlighted versions of the same on or before **November 15, 2024.**

The Clerk of Court is directed to terminate the pending motion at docket entry 40.

Dated:     October 2, 2024          SO ORDERED.
           New York, New York

                                    *Katherine Polk Failla*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE